SUMMARY ORDER
Petitioner Wang Di Zhang, pro se, petitions for review of the December 3, 2004 order of the Board of Immigration Appeals (“BIA”) affirming without opinion the decision of an immigration judge (“IJ”) *175 denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 177 (2d Cir.2004); Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000). Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ’s decision directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005).
In this case, the IJ gave specific and cogent reasons for his finding that Zhang lacked credibility, and these reasons were supported by the record. Zhang’s assertion that the similarities between his statement and his wife’s statement could be explained by the fact that both were describing the same events did not, as the IJ pointed out, explain the structural similarities between the statements or why both statements contained the same error as to the month when Zhang’s wife allegedly went into hiding. The IJ was also reasonable in questioning the plausibility of Zhang’s description of the events giving rise to his wife’s forced abortion, as well as his failure to produce any documentation contemporaneous to either his employment or discharge at a government-owned factory.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).